IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY GENO MARTINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 124-235 |
| | ) | |
| SHERIFF WHITTLE, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 11.) The Magistrate Judge recommended Petitioner's § 2241 habeas corpus petition be dismissed because Petitioner is not entitled to federal habeas relief on his extradition or constitutional double jeopardy claims. (See doc. no. 8.) The Magistrate Judge further recommended Petitioner's motion for stay of extradition be denied and the remaining pending motions be denied as moot in light of the case's dismissal. (See id.) Nothing in Petitioner's objections changes this Court's determination that Petitioner's motions should be denied and this case dismissed without prejudice and closed.

As an initial matter, one change in the publicly available records cited by the Magistrate Judge warrants brief comment. (See doc. no. 8, p. 6 n.3.) The Magistrate Judge noted publicly available records revealed no indication Petitioner was subject to extradition proceedings in Georgia. (Id.) However, since the Report and Recommendation was entered, the publicly

available arrest records on the Charles B. Webster Detention Center website now reflect the two felony charges of "theft of services" against Petitioner have been dismissed, and instead state Petitioner is being held on an "other authority warrant." See https://www.richmondcountysheriffsoffice.com/inmate-inquiry.cfm; select Agree & Continue; search "Martinson, Anthony"; click Arrest Date 12/17/2024 (last visited Mar. 4, 2025). The website provides no additional information regarding this warrant, such as from which jurisdiction it originates. In his objections, Petitioner maintains "the sole reason for [his] continued detention [at Charles B. Webster Detention Center] is an extradition hold on a Florida warrant." (Doc. no. 11, p. 1.) Even considering this change, Petitioner's objections are unavailing for the reasons described below.

Regarding his objections to the recommended dismissal of his § 2241 habeas corpus petition, Petitioner argues the Middle District of Florida decision, on which the Magistrate Judge relied in the Report and Recommendation, is void because this court improperly reviewed his case under § 2254 not § 2241. (Id. at 2-3); see also Martinson v. Whittle, et al., CV 225-039, doc. no. 7 (M.D. Fla. Jan. 21, 2025). In this Middle District of Florida case, Petitioner raised the same constitutional arguments about the pending Florida charges he raises in the instant petition. Compare (doc. no. 1), with Martinson, CV 225-039, doc. no. 1 (M.D. Fla. Dec. 6, 2024). Petitioner's assertion is incorrect. United States District Court Judge Sheri Polster Chappell in the Middle District of Florida reviewed the petition pursuant to § 2241 and agreed "[Petitioner] properly filed the petition under § 2241." Martinson, CV 225-039, doc. no. 7. Accordingly, Petitioner's argument Judge Chappell wrongly construed his previous petition is misplaced. Thus, the Magistrate Judge's incorporation of Judge Chappell's

2

reasoning in the Report and Recommendation, which concluded Petitioner did not raise any claims entitling him to federal habeas relief, remains sound.

Moreover, to combat the Magistrate Judge's conclusion his petition should be dismissed for failure to exhaust state remedies, Petitioner's objections detail his unsuccessful and repeated efforts to exhaust his state remedies. (Doc. no. 11, pp. 2- 3; see also doc. no. 8, pp. 4-6.) However, as explained by the Magistrate Judge, *even if* Petitioner had properly exhausted his state remedies, his case is nonetheless subject to dismissal because he is not entitled to federal habeas relief on any ground raised. (See doc. no. 8.) First, Petitioner does not raise one of the four "extraordinarily narrow" grounds for federal review of state extradition proceedings in Georgia, the asylum state, and thus he does not establish a case for habeas relief regarding his extradition. (Id. at 6-8 (citing Stanley v. Md. Dist. & Sup. Cts., No. 10–CV–02861, 2010 WL 5060769, at *1 (D. Colo. Dec. 3, 2010)).)

Instead, Petitioner raises double jeopardy arguments about the pending Florida charges in an effort to undermine the validity of his extradition and the pending charges. (See doc. no. 1, pp. 6-7.) As already described by the Magistrate Judge, such constitutional arguments should instead be raised in Florida, the demanding state. (Doc. no. 8, pp. 6-7.) However, although transfer would be appropriate, as noted by the Magistrate Judge, the Court agrees dismissal without transfer is warranted. (Id. at 8 & n.6.) The Middle District of Florida court already analyzed and rejected Petitioner's arguments, again raised in the instant petition, and concluded Petitioner is not entitled to federal habeas relief on these claims. See Martinson, CV 225-039, doc. no. 7. The Magistrate Judge carefully reviewed, incorporated by reference, and recommended adoption of Judge Chappell's reasoning and conclusion in his Report and Recommendation. (Doc. no. 8, pp. 8-9.) This Court concurs with Judge Chappell's decision

3

and agrees Petitioner is not entitled to federal habeas relief on these grounds. Accordingly, even if the Court were to accept Petitioner's objections and determine he sufficiently exhausted state remedies, his claims still lack merit, meaning his § 2241 petition should be dismissed.

Regarding his motion for stay of extradition, Petitioner disagrees with the Magistrate Judge's construction of his motion as a motion for a preliminary injunction. (Doc. no. 11, p. 4.) Instead, Petitioner argues his request for a stay of state court proceedings was made pursuant to 28 U.S.C. § 2251(a)(1). (Id.) Petitioner did not cite to § 2251, much less any statute or other legal principle, in his motion for stay of extradition, rendering the Magistrate Judge's construction of the motion reasonable in light of the nature of relief sought. Nonetheless, even if the Court accepts Petitioner's objection and considers the motion to stay extradition as brought pursuant to § 2251, this motion should still be denied.

Pursuant to § 2251(a)(1), "[a] . . . judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment . . . stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251(a)(1). Under this statute, a judge's decision to stay state proceedings is discretionary and depends on the application of four factors: "whether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest." In re Henry, 757 F.3d 1151, 1163 (11th Cir. 2014) (citations omitted); see also Crumpton v. Kromko, No. 7:12-cv-115, 2012 WL 5906884, at *1 (M.D. Ga. Nov. 2, 2012) (applying § 2251 factors to deny petitioner's request to stay state probation proceedings), *adopted by* 2012 WL 5906879 (M.D. Ga. Nov. 26, 2012).

The four § 2251 factors are remarkably similar to the factors a moving party must establish to show injunctive relief is warranted. (See doc. no. 8, pp. 7-8 n.5.) Indeed, both analyses require the Court to weigh a likelihood of success on the merits, irreparable injury, and the requested relief's impact on the public interest. Compare In re Henry, 757 F.3d at 1163 (listing § 2251 factors), with McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted) (listing injunctive relief factors). Although the Magistrate Judge noted Petitioner failed to establish irreparable injury because there was a lack of evidence showing ongoing extradition proceedings, (see doc. no. 8, p. 8 & n.5), the Magistrate Judge also explained Petitioner failed to establish a likelihood of success on the merits and did not carry his burden of persuasion on the remaining injunctive relief two elements because he did not mention them in his motion, (see id. at 7-8 & n.5).

Again, Petitioner fails to show any of the four § 2251 factors weigh in his favor. The Court agrees with the Magistrate Judge that Petitioner's motion neither establishes a likelihood of success on the merits nor provides any argument about the public interest. (See doc. no. 5; see also doc no. 8, p. 7 & n.5.) The Court also notes Petitioner's motion contains no argument about whether the stay would substantially harm other parties, further demonstrating Petitioner does not meet his burden to establish a stay of state proceedings is warranted under § 2251.

Furthermore, even assuming extradition proceedings are ongoing, Petitioner fails to show he faces irreparable injury from extradition because his assertion the pending extradition will result in "serious injury" is conclusory. (Id. at 1.) Petitioner provides no supporting facts or further explanation for his claim "that failure to issue the stay will [negatively] effect the Petitioner by inflicting upon the Petitioner an immediate deprivation of his constitutional rights." (Id.) For instance, he does not detail the type of injury he allegedly faces, much less

5

how this injury is irreparable. (See id.) Thus, because he does not provide any explanation beyond his blanket assertion he faces harm from imminent extradition, his contention about irreparable injury remains too speculative. Accordingly, even modifying the analysis about the irreparable injury factor as described above, Petitioner's motion for stay of extradition should be denied, even when construed pursuant to § 2251, because Petitioner does not establish any of the four factors weigh in his favor.

Finally, in addition to filing objections, Petitioner moves for leave to amend his petition "due to the finding of newly discovered evidence and information directly related to this case." (Doc. no. 10.) As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013) (*per curiam*). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*))). Finally, "[a] plaintiff who moves for leave to amend a complaint 'must either attach a copy of the

proposed amendment to the motion or set forth the substance thereof.'" United States *ex rel.* 84Partners, LLC v. Nuflo, Inc., 79 F.4th 1353, 1363 (11th Cir. 2023) (citation omitted).

Here, Petitioner's one-sentence motion seeking leave to amend his petition blatantly lacks any substance about his proposed amendments. (See doc. no. 10.) Nowhere does he identify this newly discovered evidence and information, much less how it helps further the claims alleged in his petition. Moreover, Petitioner did not attach the proposed amendment to his motion. (See generally id.) Accordingly, his motion to amend can be denied for this reason. See Thompson v. Stewart, No. CV 322-045, 2023 WL 11261159, *1 (S.D. Ga. Mar. 27, 2023) (noting plaintiff failed to attach the proposed amendment or otherwise describe the amendment's substance in denying motion to amend).

Furthermore, any amendment based on additional facts or evidence would be futile because the petition would still be subject to dismissal even with such factual amendments. As already explained by the Middle District of Florida in ruling on the same claims, the grounds raised in the instant petition do not entitle Petitioner to federal habeas relief. See Martinson, CV 225-039, doc. no. 7, p. 3 (stating "[t]here is no arguable case to be made that the State of Florida is attempting to punish [Petitioner] twice for the same offense"). Accordingly, Petitioner's motion to amend is also denied for this reason.

Given the above analysis demonstrating his § 2241 habeas corpus petition and motion for stay of extradition are without merit, Petitioner's remaining objections are also unsuccessful. Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Petitioner's motion for stay of extradition, (doc. no. 5), and **DISMISSES** this case filed pursuant to 28 U.S.C. § 2241 without prejudice. The Court further **DENIES** as **MOOT** Petitioner's motion

to appoint counsel, (doc. no. 3), and motion for issuance of a bond, (doc. no. 4). Finally, the Court **DENIES** Petitioner's motion to amend. (Doc. no. 10.)

Further, a state prisoner seeking relief under § 2241 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal.") This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case. Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 6th day of March, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA